## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**JIMMIE EARL BRACKS, #250433**                                                       **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO.  1:05cv449LG-RHW**

**BILOXI POLICE DEPARTMENT and the**
**HARRISON COUNTY DISTRICT ATTORNEY**                                **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER
### DISMISSING THE PLAINTIFF'S COMPLAINT

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff Jimmie Earl Bracks, an inmate confined in the Harrison County Adult Detention Center, Gulfport, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983.  The named defendants are the Biloxi Police Department and the Harrison County District Attorney.  On November 22, 2005, an Order was entered advising the plaintiff of the differences between a civil rights complaint pursuant to 42 U.S.C. § 1983 and a habeas corpus action pursuant to 28 U.S.C. § 2254.[1]  The order provided the plaintiff an opportunity to voluntarily dismiss this action, to amend this action or to proceed with this action as filed.[2]  On December 8, 2005, the Plaintiff filed his response [6-1] to the Court's order wherein he stated that he wished to proceed with this action as filed.

---

[1]Title 42 U.S.C. § 1983, provides a federal remedy for persons claiming a right guaranteed to them under the United States Constitution or other federal law has been violated by a person acting under color of state law.  *Daniel v. Ferguson*, 839 F.2d 1124 (5th Cir. 1988). Title 28 U.S.C. § 2254 provides the exclusive federal remedy available to state prisoners challenging the fact or duration of their confinement and seeking speedier or immediate release from incarceration.  *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

[2]A packet of habeas corpus forms was sent to the Plaintiff with this order.

On January 23, 2006, the Plaintiff was granted *in forma pauperis* status and ordered to file an amended complaint to provide specific information regarding the basis for his incarceration. In addition, the Plaintiff was ordered to specifically state the relief requested in this case. While the Plaintiff filed his response [10-1] to the Court's order to amend on March 1, 2006, his response failed to address the order in it's entirety. Therefore, a second order to amend was entered on April 10, 2006, directing the Plaintiff to specifically state his requested relief. On April 24, 2006, the Plaintiff filed a response [14-1] to the Court's second order to amend. Upon liberal construction of the Plaintiff's pleadings, the Court has reached the following conclusions.

The Plaintiff was arrested on May 5, 2003, by the Biloxi Police Department for aggravated assault. The Plaintiff was released on bond and re-arrested on October 13, 2003, for possession of a controlled substance. Also in October of 2003, the Plaintiff was indicted for the aggravated assault charge. Attached to the Plaintiff's most recent pleading is an Order from the Second Judicial District for the Circuit Court of Harrison County, filed April 4, 2006, sentencing the Plaintiff to three-years of non-adjudicated probation for possession of a controlled substance.[3]

In his complaint, the Plaintiff alleges that his rights have been violated because he has been held in the Harrison County Adult Detention Center for over two years and has not been to Court. The Plaintiff alleges that the statute of limitations has expired on his two charges and

---

[3]The Order withholds acceptance of the Plaintiff's plea and adjudication of guilt pending successful completion of the conditions imposed in the Order. It further states that if at any time the Plaintiff fails to comply with the terms and conditions of the Order the Court will immediately accept his plea of guilty and proceed to sentence him. *Attachment to Plaintiff's Response* [doc.#14], p. 3-5.

he requests that this Court order him "dismissed from this jail." *Complaint* at pg. 4. As clarification of the relief requested in this case, the Plaintiff's states that he wants his "motion to be heard and maybe overturn case #B2402-2003-580", which is the Plaintiff's aggravated assault case. *Response* [14-1] at pg. 2. As additional relief, the Plaintiff states that he wants probation for a "drug charge that should have been dismissed." *Response* [14-1] at pg. 2.

Analysis

The Prison Litigation Reform Act of 1996, Pub.L. No. 104-134, 110 Stat. 1321, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. Section 1915(e)(2)[4] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.1994). "A district court may dismiss an *in*

---

[4] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal
        (i)     is frivolous or malicious;
        (ii)    fails to state a claim on which relief may be granted; or
        (iii)   seeks monetary relief against a defendant who is immune from such relief.

*forma pauperis* proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 501 U.S. 1235 (1991). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Parker v. Carpenter*, 978 F.2d 190, 191 n.1 (5th Cir. 1992); *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992); *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir.), *cert. denied*, 504 U.S. 988 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.*

Initially, this Court must decide whether the Plaintiff should pursue this matter as a request for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983. *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 463-464 (5th Cir.1998)(district court required to determine whether a §1983 complaint contains both habeas and § 1983 claims). If a complaint contains both habeas and § 1983 claims the Court should separate and decide the § 1983 claims. *Id.* (citing *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995)(per curiam)); *see also Serio v. Members of La. St. Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir.1987).

Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (citing *Cook v. Texas Dep't of Crim. Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994)(noting distinction between claims that must initially be pressed by writ of habeas corpus

and those that may be brought pursuant to § 1983).  The Plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus.  *Id.* (citing *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989)).  If the Plaintiff's claims are proven and this Court grants the requested relief, it could result in the Plaintiff receiving an early release from custody.[5]  With this in mind, this Court has determined that the Plaintiff must first pursue this cause by filing a petition for habeas corpus relief.[6]

However, before the Plaintiff can pursue this matter through habeas corpus in federal court, he is required to exhaust his available state remedies.  *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973);  *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987)(applying requirement that a petitioner exhaust his available state remedies to habeas petitions under 28 U.S.C. § 2241);  *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983).  Since the Plaintiff does not provide any evidence that he has presented his claims to the Mississippi Supreme Court, he has failed to demonstrate

---

[5] Although it appears from the Plaintiff's most recent filing that he *may* no longer be housed in the Harrison County Adult Detention Center, the Court finds this irrelevant to the "in custody" requirement for habeas corpus petitions.  The Plaintiff is serving three-years on deferred or "non-adjudicated" probation which satisfies the "in custody" requirement for federal habeas corpus petitions.  *See Caldwell v. Dretke*, 429 F.3d 521, 527 (5th Cir. 2005)(probation and deferred adjudicated probation orders found to satisfy the "in custody" habeas requirement and to serve as final judgments for AEDPA statute of limitations purposes).

[6] With respect to the Plaintiff's aggravated assault charge, the Court notes that a pre-trial Petitioner challenging his incarceration is properly brought pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him."  *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987).

satisfaction of the exhaustion requirement of 28 U.S.C. § 2254(b)(1).[7]  In addition, the Plaintiff has not shown that exhaustion of his state court remedies would be futile.  *See Deters v. Collins*, 985 F.2d 789, 795-96 (5th Cir.1993).  Therefore, the Plaintiff will not be allowed to proceed with his claims for habeas corpus relief at this time.

## Conclusion

As discussed above, the Plaintiff's claims are habeas in nature and not properly pursued under 42 U.S.C. § 1983.  Moreover, the Plaintiff's claims for habeas corpus relief are unexhausted and will be dismissed, without prejudice.

A final judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 18th day of May, 2006.

> s/ *Louis Guirola, Jr.*
> LOUIS GUIROLA, JR.
> UNITED STATES DISTRICT JUDGE

---

[7] The Plaintiff failed to avail himself of the opportunity to pursue a separate habeas corpus case or to elaborate on his habeas claims by his response [doc.#6] and by his failure to complete the packet of habeas corpus forms mailed to him at the start of this case.